UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA L. WOODS, )<br>)<br>        Plaintiff, )<br>)<br>  V. )<br>)<br>STEPHEN L. JOHNSON, )<br>  Administrator, Environmental )<br>  Protection Agency, )<br>)<br>        Defendant. )<br>) | Civil Action No. 06-1460 HHK |

**JOINT REPORT PURSUANT
TO LOCAL RULE 16.3**

Pursuant to the Court's November 17, 2006 Order for Initial Scheduling Conference, the parties, through their respective below-signed counsel represent that they have conferred on the matters set forth in the Court's Order and in Local Civil Rule 16.3, and hereby submit this joint report to the Court.

The Parties Claims and Defenses

Plaintiff brought this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-2 through 2000e-16(c) and § 1981a, and the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 633a, based on denial of a promotion to a GS-14 Environmental Protection Specialist position in the Toxics and Pesticides Enforcement Division of the Environmental Protection Agency. Plaintiff alleges that the denial of the promotion was due to her

sex and age.  Plaintiff also alleges that she was subjected to retaliation based on a delay in the processing of her request to work from home one day a week.  Defendant, who has been sued in his official capacity as head of the U.S. Environmental Protection Agency ("EPA") only (see 42 U.S.C. Section 2000e-16(c)), denies that EPA has discriminated or retaliated against plaintiff, and avers that the promotion determinations were based on legitimate, nondiscriminatory business reasons and that the decision on plaintiff's request to work from home one day a week was delayed due to processing considerations, not retaliation.

Other matters required to be discussed pursuant to the Court's November 17, 2006 Order and Local Rule 16.3 are presented below.

1.   Dispositive Motions/Discovery Timeframe: The parties agree that dispositive motions, if determined appropriate, should be filed after the close of discovery.  The parties propose a 120 day discovery period from the date of the Initial Scheduling Conference on December 6, 2006 (i.e., discovery would close Thursday, April 5, 2007).  The parties also agree that any motions for summary judgment shall be filed within forty-five days after the close of discovery (i.e., by Monday, May 21, 2007), any opposition to summary judgment shall be filed within thirty days of the filing of the motion (i.e., by Wednesday, June 20, 2007), and any reply memoranda, if deemed necessary, shall be

filed within fifteen days of the filing of the opposition brief (i.e., by Thursday, July 5, 2007).

    2.   <u>Amendment to Pleadings</u>: At this time, the parties do not anticipate that it will be necessary to join third parties or substantively amend their pleadings, but any amendment shall be in accordance with Fed.R.Civ.P. 15.

    3.   <u>Assignment To Magistrate Judge</u>: Plaintiff does not oppose referral of this suit to a Magistrate Judge; defendant does not consent to such referral.

    4.   <u>Settlement Possibility</u>: The parties have not discussed settlement, but agree that any mediation should be deferred until after the close of discovery.

    5.   <u>Alternative Dispute Resolution (ADR)</u>:  The parties believe that ADR may be appropriate, but only after the discovery period.

    (i)   Plaintiff's objective in bringing this suit is to obtain a promotion, compensatory damages, and costs. Defendant's objective in defending this suit is to obtain post-discovery summary judgment in his favor.

    (ii)  The parties have not engaged in any settlement discussions to date.

    (iii) As indicated above, the parties agree that ADR may be appropriate, but only after the close of the discovery period.

(iv) The parties, at this time, do not know whether this case would benefit from a neutral evaluation. However, if such evaluation were to occur, the parties believe that it should be done after discovery.

(v) The Parties do not believe that discovery should be stayed.

6. <u>Dispositive Motions/Discovery Timeframe</u>: As noted above, the parties agree that post-discovery dispositive motions should be filed by May 21, 2007, oppositions should be filed by June 20, 2007, and reply memoranda, if deemed necessary, should be filed by July 5, 2007.

7. <u>Initial Disclosures</u>: The parties are willing to stipulate to dispensing with initial disclosures required by Fed.R.Civ.P. 26(a)(1).

8. <u>Discovery</u>: As noted above, the parties propose a 120 day period for discovery, i.e., until April 5, 2007.

9. <u>Experts</u>: The parties propose that any experts be designated no later than February 9, 2007, and that any rebuttal experts be designated no later than March 2, 2007. The parties propose that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

10. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation at this time.

11. <u>Proposed Date For The Pretrial Conference</u>: The parties believe that a pretrial conference should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion.

12. <u>Trial Date</u>: The parties believe that the Court should schedule a trial date at the pretrial conference.

Respectfully Submitted,

_____
DAVID H. SHAPIRO
D.C. BAR No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, DC  20005
Tel. 202-842-0300

_____
JEFFREY A. TAYLOR
D.C. BAR No. 498610
United States Attorney

_____
RUDOLPH CONTRERAS
D.C. BAR No. 434122
Assistant U.S. Attorney

_____
BEVERLY M. RUSSELL
D.C. Bar No. 454257
Assistant U.S. Attorney
Civil Division
U.S. Attorney's Office for the
  District of Columbia
555 4th Street, N.W.
Rm. E-4915
Washington, DC  20530
Tel. 202-307-0492