UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA L. WOODS,                        )
                                         )
          Plaintiff                      )
                                         )
     v.                                  )    Civil Action No. 06-1460(HHK)
                                         )
STEPHEN L. JOHNSON,                      )
 Administrator,                          )
 U.S. Environmental Protection Agency,   )
                                         )
                                         )
          Defendant.                     )
_____  )

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute.

1.    In or around January 2004, three GS-14 positions were made available to the Environmental Protection Agency's Office of Regulatory Enforcement, and two were designated specifically for the Toxics and Pesticides Enforcement Division ("TPED").  Ex. 6, Sworn Statement of Ann Pontias, at 2 (Dec. 2, 2004).

2.    Ann Pontias, Director of TPED, consulted with her management team including Carl Eichenwald, Gerry Stubbs, and Stephanie Brown, Associate Director, regarding promotions based on the availability of the GS-14 positions.  Id.

3.    Tony Ellis, who worked in the Western Branch, and Brian Dyer, who worked in the Eastern Branch, both in the TPED, were recommended for promotion.  Id.  The management team reached a

consensus conclusion that these two individuals deserved "accretion of duties" promotions based on their performance.  Id. at 2-3.

4.    Based on the management team's discussion, Ms. Pontias made a recommendation to Walker Smith, Office Director of the Office of Regulatory Enforcement, Office of Enforcement and Compliance and Assurance ("OECA"), that Messrs. Dyer and Ellis be promoted. Id. at 3; see also Ex. 7, Sworn Statement of Walker Smith, at 1 (December 7, 2004).

5.    Ms. Smith agreed with Ms. Pontias' assessment regarding the promotions.  Id. at 3.

6.    As for Plaintiff, Mr. Eichenwald, Ms. Pontias and Ms. Walker had similar assessments of her work.  Mr. Eichenwald stated that Plaintiff performed well and was successful at a GS-13 level, but did not have the independence or representational aspects called for at the GS-14 level.  Ex. 4, Sworn Statement of Carl Eichenwald, at 4 (Dec. 12, 2004). Ms. Pontias stated that Plaintiff was doing solid GS-13 work but simply wasn't doing GS-14 level work.  Ex. 6, Pontias Sworn Statement at 4.  Ms. Smith also believed that, while Plaintiff did good work, she didn't rise to the level of taking responsibility in the way a GS-14 should. Ex. 7, Smith Sworn Statement.

7.    The promotions of Messrs. Ellis and Dyer were effectuated in early 2004.  See Ex. 12, Memoranda from Walker B. Smith to John Peter Suarez (Jan. 8, 2004).

8.    Plaintiff filed an administrative complaint of discrimination on or around March 30, 2004 alleging discrimination based on sex and age based on denial of a promotion to the GS-14 level.  Ex. 9, Pl.'s Compl. Of Discrimination, March 30, 2004.

9.    In or around April 2004, Plaintiff submitted an application to participate in the Agency's Flexiplace program. See Ex. 11, Declaration of Carl Eichenwald, Jan. 10, 2006. Plaintiff does not recall actually speaking to Mr. Eichenwald about the status of her application.  Ex. 1, Woods Depo. 97:7 to 97:10.

10.    Plaintiff's Flexiplace application was approved. Ex. 1, Woods Depo. 97:25 to 97:26; Ex. 11, Eichenwald Decl. ¶ 20. Neither Plaintiff's salary nor her benefits were adversely impacted by the time period taken to process her application. Ex. 1, Woods Decl. 98:11 to 99:17.

11.    On or around July 20, 2004, Plaintiff requested that her complaint be amended to include a retaliation claim based on denial of her request for flexiplace.  Ex. 14, Letter from Ronald B. Ballard to David H. Shapiro, July 29, 2004.

12.   In the fall of 2005, Plaintiff started a detail in the Office of Pollution, Prevention and Toxics.  Ex. 1, Woods Depo. 99:18 to 99:24.  The detail was initially set for a 120 day period, but was extended such that the detail lasted over one year.  Id. 100:22 to 101:4.  The detail ended in the latter part of 2006 at which time Plaintiff was permanently selected for a position in the new National Programs Chemical Division. Id. 102:1 to 102:4.

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
  District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov