Woods v. Johnson,
Civil Action No. 06-1460(HHK)
Ex. 17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA L. WOODS,                        )
                                         )
        Plaintiff                        )
                                         )
    5.                                   )  Civil Action No. 06-1460 (HHK)
                                         )
STEPHEN L. JOHNSON,                      )
  Administrator, U.S. Environmental Protection Agency, )
                                         )
                                         )
        Defendant.                       )
                                         )

### Affidavit of Charles H. Smith

I, Charles H. Smith, make the following statement, with knowledge that any material false representation on my part, would subject me to a charge of perjury.

1. I retired from federal service on June 3, 2006 and the position that I held at the time of my retirement was Human Resource Specialist, GS-201-15, in the Executive Resource Division, Office of Human Resources (OHR) in the Office of Administration and Resources Management (OARM). I had served in such capacity since April 04, 2004 until my retirement.

2. In January - March 2004, the time of the accretion of duties process at issue, I was serving as a Supervisory Human Resource Specialist, GS-201-15, in OHR. My principal expertise at such time was staffing and classification, having previously served as EPA's Classification Appeals Officer from 07/08/84 to 05/20/85. Having served continuously in the personnel field since 04/01/72, it would be fair to say that I had a significant familiarity with the full spectrum of OHR responsibilities and classification in particular.

3. With respect to the accretion of duties GS-14 promotions that EPA awarded to Mr. Brian Dyer and Mr. Tony Ellis, I served as the OHR ultimate authority for endorsing those promotions. A subordinate would have done the initial reviews and would have recommended that I concur with their positive assessments. It was my signature that authorized the program office to make those promotions.

4. When there exists in an organization, an individual(s) whose work responsibilities have expanded in an evolutionary manner, such that he/she, over time, has come to be performing work that qualifies him/her to be graded at the next higher GS level, then such individual(s) may be promoted through an accretion of duties process, which is non-competitive. It is my understanding that that is precisely what happened in the challenged Dyer/Ellis

promotion process. There is no impropriety in the program electing to use a non-competitive process in such a situation.

5. While EPA Classification Appeals Officer, I wrote EPA Policy Bulletin Accretion of Duties, 335-17, dated January 5, 1987. This has since been modified and issued as Accretion of Duties, 335-1. When a program office uses an accretion of duties promotion process, it is incumbent upon OHR, which has the ultimate authority to endorse such type of promotion, to determine that a program office's choice not to have employed an advertised/competitive process is appropriate. An accretion of duties promotion can be supported when all three of the following conditions are met: (1) the employee continues to perform the same basic function in the same organization, working for the same supervisor; (2) the additional duties and responsibilities assigned or accrued by the incumbent do not adversely affect or impact the grade-controlling duties and responsibilities of other positions within the unit; and (3) the accretion is supported by an analysis of the position. Normally, I would expect to find in any accretion of duties promotion file an assessment by OHR that such conditions have been met.

6. I have no recollection at this time of the analysis that I performed, or reviewed with regard to the Dyer/Ellis promotions which occurred around late 2003. However, I have examined what I understand to be the entirety of the existing paperwork documenting Mr. Dyer's and Mr. Ellis' accretion of duties promotions and such assessment is absent. Such a determination should have been documented in OHR's files. I am confident, however, that I would not have ultimately signed off on the promotions at issue, had such determinations not been made.

7. I am aware that, during my tenure in OHR, the office's record keeping practices could be problematic given the large number of transactions processed each year. Thus, it would not be extraordinary for records that existed at one time to no longer do so. The fact that I endorsed the two accretion of duties promotions herein at issue indicates to me that I recognized the propriety of the program office's decision not to use the competitive process and that the three accretion of duties conditions were met.

8. In any event, I have recently reviewed what records do exist: (1) two memoranda internal to the program office, one recommending that Mr. Dyer, and the other recommending that Mr. Ellis, be promoted, through an accretion of duties process, to the GS-14 level as Environmental Protection Specialists (EPS) and (2) the position descriptions for these individual's GS-14 EPS jobs.

9. OHR's obligation with respect to accretion of duties promotions is to ensure that any such promotions conform to the requirements articulated in HR Policy Bulletin 335-1. One of the most fundamental of these requirements is that the new accreted position legitimately qualify to be graded at the next higher GS level. So, with respect to the promotions at issue, the duties being performed by the promotees needed to qualify as GS-14 responsibilities. Insofar as I served as the OHR Supervisory Human Resource Specialist who endorsed those promotions, it


would have been incumbent upon me to satisfy myself that such was the case. It was my judgment at the time that the two position descriptions met the GS-14 level.

10. Throughout my almost thirty year tenure in OHR, it was never our office's policy to act as a rubber stamp for program office personnel actions. If OHR concluded that a proposed personnel action was inappropriate, we were aware of our professional obligation to withhold our endorsement. That I signed off on the Dyer and Ellis accretion of duties promotions indicates to me that, I, independently, concluded that such actions were defensible and proper. I am confident that I would not have authorized the promotions otherwise.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

12/04/07
Date

Charles H. Smith, Retired
Formerly, Human Resource Specialist
Office of Human Resources