UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA L. WOODS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-1460(HHK) |
| | ) |
| STEPHEN L. JOHNSON, | ) |
| Administrator, | ) |
| U.S. Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant, Stephen L. Johnson, Administrator, U.S. Environmental Protection Agency,

moves for reconsideration of this Court's May 2, 2008 Order denying Defendant's

Motion for Summary Judgment.  R. 21.  In support of this relief, the Court is respectfully

referred to the accompanying Memorandum of Points and Authorities.  A proposed Order

consistent with the relief requested is also attached hereto.

Date: May 16, 2008

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REBECCA L. WOODS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1460(HHK) |
| | ) | |
| STEPHEN L. JOHNSON, | ) | |
| Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

Plaintiff brought this suit alleging that she was subjected to age and gender discrimination when she did not receive an accretion of duties promotion. Def.'s Ex. 9, Administrative Complaint of Discrimination. Plaintiff also alleges that she was subjected to retaliation based on a delay in approval of her request to participate in the Environmental Protection Agency's flexiplace program and because her supervisor disclosed Plaintiff's filing of a complaint of discrimination to Plaintiff's detail supervisor. Plaintiff's claims were dismissed by the Equal Employment Opportunity Commission, Compl. ¶ 2, and Plaintiff filed suit in this Court on August 18, 2006. On December 7, 2007, Defendant filed a motion for summary judgment to which Plaintiff filed an opposition and Defendant filed a reply. On April 28, 2008, this Court held a hearing on Defendant's Motion, and on May 2, 2008, issued an order, without opinion, denying the Motion. It is this May 2, 2008, interlocutory order to which the instant Motion applies.

**I.    Condensed Factual Background**

In or around January 2004, three GS-14 positions were made available to the Office of Regulatory Enforcement and two were designated specifically for the Toxics and Pesticides Enforcement Division ("TPED") in which Plaintiff worked.  Def.'s Ex. 6, Sworn Statement of Ann Pontius, at 2 (Dec. 2, 2004).  In the past, once a division director was aware of the number of staff that he/she would be permitted to promote, the director would caucus with his/her subordinate branch chiefs and identify, by consensus, the most deserving candidate(s).  Def.'s Ex. 19, Deposition of Gerald Stubbs, 39:11 to 29:21 (Aug. 30, 2007).

Early in calendar year 2004, TPED was not authorized to hire new staff, but merely to promote some of its existing personnel, and given the historical scarcity with which non-attorney GS-14 positions came available, division directors had long-tenured GS-13 employees some of whom, under ideal circumstances, could have been promoted to the GS-14 level, some time previously.  Def.'s Ex. 9, Declaration of Gerald Stubbs, ¶ 18, Jan. 3, 2006.  That is the situation that Ann Pontius, TPED's Director, confronted.

Upon learning from her supervisor, Walker Smith, of the availability of the promotions in 2004, Ms. Pontius caucused with her two branch chiefs, Gerald Stubbs and Carl Eichenwald, the immediate supervisors of all TPED non-attorney GS-13's eligible by time in grade for a promotion to the GS-14 level, and their consensus opinion was that Brian Dyer and Tony Ellis were the premier promotion candidates, significantly better qualified and more deserving of advancement to the GS-14 level than any other staff member, including Plaintiff.  Def.'s Ex. 6, Pontius Sworn Statement, at 2-3.  Because TPED was allocated two promotions from the pool,

2

Ms. Pontius was able to recommend to Ms. Smith that both Messrs. Dyer and Ellis be promoted to the GS-14 grade.  Id.

While there was an internal office process, which culminated with Ms. Smith recommending Messrs. Dyer's and Ellis' promotions to the Assistant Administrator for the Office of Enforcement and Compliance Assurance ("OECA"), EPA's Office of Human Resources ("OHR") had to give its endorsement before any promotion action could be taken by OECA.  Def.'s Ex. 17, Affidavit of Charles H. Smith, ¶ 3 (Dec. 4, 2007).  Because of the nature of the promotion procedure involved an accretion of duties, as opposed to a competitive process, it was incumbent upon OHR to review the justification for the promotions and examine the supporting documentation produced by OECA, before allowing the promotions to be effected. Id. ¶ 5.  Thus, it was only after Charles Smith, the Supervisory Human Resources Specialist responsible for reviewing Messrs. Dyer's and Ellis' accretion of duties promotions, signed off on such actions, that these two individuals were promoted to the GS-14 level.  Ex. 17, Smith Aff.

## II.    Standard for a Motion for Reconsideration

The Court's May 2008 Order denying Defendant's Motion for Summary Judgment is an interlocutory order and as such is not expressly governed by Fed. R. Civ. P. 59(e) which addresses itself to judgments.  Accordingly, Defendant submits that a trial judge is not necessarily bound by the strict standards for altering or amending a judgment that are encompassed in Rule 59(e).[1]  See Fye v. Okla. Corp. Comm'n, 516 F. 3d 1217 (10th Cir. 2008).

---

[1]"A court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) when there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  U.S. Commodity Futures Trading Comm'n v. McGraw-Hill, 403 F.Supp.2d 34, 36 (D.D.C. 2005) (citing Firestone
(continued...)

3

Indeed, the First Circuit has been more expansive and has held that a motion for reconsideration

of an interlocutory order should be granted if a trial court patently misunderstood a party or has

made an error, not of reasoning but, of apprehension.  *See Ruiz Rivera v. Pfizer Pharms, LLC*,

521 F. 3d 76, 81-82 (1st Cir. 2008)(citation and quotation marks omitted).  And the Tenth Circuit

has recognized that a motion for reconsideration of an interlocutory order raises a trial court's

general discretionary authority, but does not compel the trial judge to be bound by the strict

standards required for altering or amending a judgment under Fed. R. Civ. P. 59(e).  *See Fye v.*

*Okla Corp. Comm'n*, 516 F. 3d 1217, 1223, n.2 (10th Cir. 2008).   Defendant submits, therefore,

that the court has the discretionary authority to revisit its May 2, 2008 Order and respectfully

requests reconsideration of that Order.  *See* Fed. R. Civ. P. 54(b)(interlocutory orders "may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

rights and liabilities.")

**III.**    **Argument**

As the courts have recognized, a fundamental purpose of Fed. R. Civ. P. 56 is to protect a

defendant from having to incur the substantial time and expense of a full blown trial defense,

when a plaintiff has produced in the course of discovery insufficient credible evidence from

which a reasonable juror could reach a verdict in his favor.  *See Celetex Corp. v. Catrett*, 477

U.S. 317, 323-324 (1986). The reason that Defendant chose Messrs. Dyer and Ellis for the

accretion of duties promotions is because all three of the supervisors who were the most familiar

with Plaintiff's and the other promotion candidates' work recognized Messrs. Dyer's and Ellis'

---

[1](...continued)
*v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir 1996)); *see also Mobley v. Continental Cas. Co.*, 405
F. Supp 2d 42, 45 (D.D.C. 2005).

4

patent superiority.   In that regard, Mr. Stubbs had supervised Mr. Ellis almost continuously

since that employee's commencement of his EPA career, a period spanning more than fifteen

years at the time of the selection process herein at issue.  Def.'s Ex. 19, Stubbs Decl. ¶ 12.   In

addition, Mr. Stubbs had supervised Mr. Dyer for approximately a decade, from that employee's

commencement of his Agency career until within a few years of the selection process that

Plaintiff has challenged.  Id.  Finally, Mr. Stubbs had supervised Plaintiff for virtually her entire

tenure in the Office of Regulatory Enforcement – a period of approximately thirteen (13) years.

Id. ¶ 3.  Thus, it would be fair to say that Mr. Stubbs had an intimate knowledge of the relative

qualifications of all of these candidates.   And, his testimony consistently has been that Messrs.

Dyer and Ellis were, in his judgment, the clearly superior employees.  Id. ¶¶ 15 and 17.

        While Mr. Eichenwald's period of supervision of Plaintiff and Mr. Dyer was more

limited than Mr. Stubbs, an identical three-year time frame, and he never supervised Mr. Ellis,

given Mr. Eichenwald's long tenure in TPED, he had numerous opportunities to work with all

three candidates and to develop an appreciation of their relative qualifications.  Def.'s Ex. 11,

Declaration of Carl Eichenwald, ¶¶ 5 and 6 (Jan. 10, 2006).  Thus, his reason for not choosing

Plaintiff, as articulated in his affidavit and deposition testimony is that Messrs. Dyer and Ellis

were self-starters, who took on substantial responsibility, worked independently, and produced

high quality products.  Id. ¶¶ 10, 13-15.  It was Mr. Eichenwald's perception, which was

consistent with Mr. Stubbs', that Messrs. Dyer and Ellis were the two clear superior GS-13 non-

attorney employees of TPED at the time of the promotion process herein at issue.

Finally, Ms. Pontius, in her capacity as the candidates' second level supervisor had some opportunity to personally assess the candidates' relative qualifications, and she agreed with the Messrs. Stubbs' and Eichenwald's recommendation.  Def.'s Ex. 6, Pontius Statement ¶¶ 13 -16.

Plaintiff has mischaracterized the reality of the promotion process, which at its essence, was that the most competent and knowledgeable supervisors concerning the relative qualifications of their staff concluded unanimously that Messrs. Dyer and Ellis were far more deserving than any of the other GS-14 candidates.  Plaintiff has sought to portray this process as underhanded and deceitful, but the evidence that she deduces for such effect only confirms that the complicated rules that sometimes govern the federal bureaucracy need not always be blindly adhered to in order to ensure a just result.

And, even assuming, *arguendo,* that there was some procedural irregularity in Defendant's promotion process, the District of Columbia Circuit has held that "an employer's failure to follow its own regulations and procedures alone, is not sufficient to support the conclusion that the explanation for a challenged employment action is pretextual." *See Fischbach v. D.C. Department of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996). Furthermore, even if irregularities can be proven, such irregularities must indicate discriminatory practices; if they suggest possible error or, at most, incompetence in the selection process, not bias, then the irregularities are irrelevant.  *See Hamilton v. Paulson*, --- F. Supp.2d ----, 2008 WL 879026, *8 (D.D.C. April 3, 2008).

Defendant articulated consistently his non-discriminatory reason for selecting Messrs. Dyer and Ellis, instead of Plaintiff, for promotion to the GS-14 level.  And that reason is that the supervisory personnel, TPED Division Director Ann Pontius, and her two branch chiefs, who

were most familiar with the work qualifications of these candidates, as well as of the other

TPED personnel who, by virtue of their time in grade as GS-13's were eligible for promotion

consideration, unanimously considered Messrs. Dyer and Ellis the best qualified.

It is, therefore, incumbent upon Plaintiff to identify material factual matters, about which

there is a genuine dispute, from which a reasonable juror could infer that Plaintiff's non-

promotion was motivated by a discriminatory animus based on either her sex or her age. *See*

*Aka v. Washington Hosp. Center*, 156 F.3d 1284 (D.C. Cir. 1998). Plaintiff has sought to do so,

primarily by presenting *argument* that the nature of the challenged promotion process was

incorrect, that Defendant was obligated to employ a competitive (versus an accretion of duties)

process. It is indisputable, however, that the only credible evidence in the record reflects that

the use of an accretion of duties process in the instant case was permissible. *See* Def.'s Ex. 17,

Smith Aff. ¶¶ 3 and 4.

Thus, the only witness with the professional qualifications to opine on the legitimacy of

the promotion process herein at issue has submitted a sworn affidavit that EPA's use of the

accretion of duties methodology was appropriate. This individual, Mr. Smith, served as a

supervisory Human Resource Specialist at the time of the challenged promotion process, and he

personally signed off on the promotions which Plaintiff is challenging.

Furthermore, there is no evidence that Mr. Smith's office, OHR, colluded with the

program office that proposed the promotions of Messrs. Dyer and Ellis.[2] And, Plaintiff's bald

---

[2]The record evidence reflects that OHR had the ultimate authority to endorse or invalidate
any program office's proposed accretion of duties promotions. *See* Ex. 17, Smith Aff. ¶ 10.
Thus, unless there exists evidence that Mr. Smith conspired with the program office to
circumvent personnel laws and regulations in order to promote Messrs. Dyer and Ellis, Plaintiff's
(continued...)

assertion, unaccompanied by any factual evidence, and supported solely by her own lay opinion as to what the governing personnel regulations require, that the accretion of duties promotion methodology was inappropriate cannot, as a matter of law, create a genuine  issue of material fact.  *Carney v. American Univ.*, 960 F.Supp. 436, 439 (D.D.C.1997) (quoting *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir.1987)), *aff'd in part, rev'd in part*, 151 F.3d 1090 (D.C.Cir.1998)("[N]either the nonmovant's conjecture and surmise nor mere 'conclusory allegations of discrimination, without more' are sufficient to defeat a motion for summary judgment.").

At the motions hearing, the Court asked whether expert opinion would be the only way by which Plaintiff could establish the invalidity of the type of promotion procedure employed. Defendant submits that Plaintiff's assertion that EPA was required to employ a competitive process, made without her having the benefit of any expertise in personnel matters and made in contradiction to what the governing regulations on their face allow, cannot transform the issue into a genuine dispute.  *See* Def.'s Ex. 6, EPA H.R. Policy Bulletin, Accretion of Duties 335-1. Thus, irrespective of whether, theoretically, Plaintiff needed to present an expert to take exception with Mr. Smith's opinion, Defendant submits that her want of any evidence, other than her own untutored opinion, which is tantamount to a conclusory allegation, precludes her from creating a genuine issue of disputed fact.  *See Green v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Defendant further submits, therefore, that Plaintiff's failure to have produced

---

[2](...continued)
discrimination claim, based on the program office's alleged improper use of the accretions of duties format, is unavailing.  And, Defendant submits that Plaintiff has produced, and there exists, no evidence of any such collusion.

8

anything other than her own conclusory allegation concerning the type of promotion process required, warrants a finding that EPA was within its rights to employ an accretion of duties, as opposed to a competitive, promotion procedure.

In addition, assuming, *arguendo*, that Defendant theoretically should have employed a competitive process, the record evidence reflects that the program office historically had relied upon the accretion of duties approach to promote non-attorney GS-13's to the GS-14 level, and that that office's reliance on such process in the instant case was the accepted modus operandi. *See* Def.'s Ex. 7, Affidavit of Walker Smith, pp. 2 -3; Ex. 11, Eichenwald Decl. ¶¶ 17-18; Ex. 19, Stubbs Decl. ¶ 18.

Furthermore, the immediately preceding non-attorney GS-14 promotion process involving TPED personnel, and one over which Ms. Pontius and Messrs. Stubbs and Eichenwald presided, culminated in the promotion of Yvette Hellyer, a woman in Plaintiff's same age demographic.  And the pool of candidates for that promotion was identical to the pool in the challenged promotion herein at issue, but for Ms. Hellyer's exclusion from the later process.[3]  *See* Ex. 19, Stubbs Decl. ¶ 10.

---

[3]At the motions hearing, Plaintiff's counsel argued implicitly that Ms. Hellyer's promotion was not probative of an absence of sex or age bias on the part of Ms. Pontius and Messrs. Stubbs and Eichenwald because it was possible that Ms. Hellyer may have qualified for an accretion of duties promotion to a GS-14 position, unlike, in Plaintiff's view, Messrs. Dyer and Ellis.  However, what the sworn testimony of Ms. Pontius and Messrs. Stubbs  reflects is that the exact same evaluative process was at play in Ms. Hellyer's selection process and the later one herein at issue.  *See* Def.'s Ex. 20, Deposition Transcript of Ann Pontius, pp. 48 -58 (Nov. 23, 2005).  That is, the three supervisors were trying to identify the candidate(s) who they regarded as the most deserving of a promotion, based on the contributions that such individual(s) had made to TPED.

9

Thus, Defendant submits that there exists no evidence from which a reasonable juror could infer either that Defendant's use of the accretion of duties route was out-of-the-ordinary or unsanctioned, or was contrived by the supervisory personnel responsible for the selection of Messrs. Dyer and Ellis for a discriminatory purpose as Plaintiff alleges.  During the motions hearing, the court specifically alluded to the significance of Defendant's historical practice, presumably because it is compelling proof that Defendant did nothing in the instant case to disadvantage Plaintiff, which, after all, is the *sine qui non* of her disparate treatment discrimination complaint.  Upon objective examination, there is no substantive difference between the "competitive" promotion process that Plaintiff asserts was mandated and the one that actually took place.[4]  After all, the universe of candidates would have been identical.  All of the candidates would have been the immediate subordinates of either Mr. Stubbs or Mr. Eichenwald and the second level subordinates of Ms. Pontius, the three individuals with the most intimate knowledge of the promotion candidates' qualifications.  In a "competitive" process these three persons would have played an integral role in assessing which candidate(s) to recommend for promotion.

For all intents and purposes, the only difference between the "competitive" process that Plaintiff contemplated and the accretion of duties one that her management employed is that there would have been more documentation generated in the former process.  And, Defendant

_____

[4]Central to Plaintiff's contentions is that Defendant should have conducted a "competitive" process and limited the pool of candidates to non-attorney GS-13's in TPED only, which is the exact universe of candidates that Ms. Pontius and Messrs. Stubbs and Eichenwald considered.

submits that what such documentation, as reflected in this case, would have revealed is that Messrs. Dyer and Ellis had superior work histories.

Defendant submits that he is entitled to summary judgment, as a matter of law, because Plaintiff has not produced credible evidence from which a reasonable juror could conclude that she was demonstrably better qualified than Messrs. Dyer and Ellis. An employer, irrespective of whether such employer be a public or private entity is entitled to reward its better qualified personnel, and unless Plaintiff has produced credible evidence of her superior qualifications, vis-a-vis Messrs. Dyer and Ellis, she has failed to raise an inference that her non-promotion was motivated by a discriminatory animus. Defendant submits that Plaintiff's failure in that regard is dispositive and that he is entitled to summary judgment, as a matter of law, on the non-promotion aspect of the instant litigation.[5]

Date: May 16, 2008

---

[5]Defendant is unclear on the reasons for the denial of his Motion for Summary Judgment on Plaintiff's retaliation claims which Defendants argued were based on actions that did not result in an injury or harm, *see Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)(*quoting Washington v. Illinois Dept. of Revenue*, 420 F.3d 458, 662 (7th Cir. 2005), but Defendant respectively moves for reconsideration on these claims as well because Plaintiff failed to present credible evidence refuting Defendant's argument.

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
  District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on <u>Friday, May 16, 2008</u>, service of ***Defendant's Motion for***

***Reconsideration*** was made by the Court's Electronic Case Filing System to:

David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1090
Washington, D.C.  20005

dhshapiro@swickandshapiro.com

/s/ Beverly M. Russell

_____
Beverly M. Russell
Assistant U.S. Attorney