UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA L. WOODS,                          )
                                           )
          Plaintiff                        )
                                           )
     v.                                    )    Civil Action No. 06-1460(HHK)
                                           )
STEPHEN L. JOHNSON,                        )
 Administrator,                            )
 U.S. Environmental Protection Agency,     )
                                           )
                                           )
          Defendant.                       )
_____   )

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

Under Title VII, a plaintiff must ultimately show intentional discrimination on the part of her employer.  Mitchell v. National R.R. Passenger Corp., 407 F.Supp.2d 223, 227 (D.D.C. 2005), citing, Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  Sufficient evidence of such "intent" is absent from this suit, and thus, summary judgment in Defendant's favor is appropriate.  Defendant respectfully requests that the Court reconsider its denial of Defendant's Motion for such relief.

ARGUMENT

The primary focus of Plaintiff's argument in her opposition memorandum is that the Agency's failure to use competitive procedures for the promotion decisions at issue coupled with the Agency's statement, false in Plaintiff's view, that it could not compete the positions but was required to promote under an

"accretion of duties" procedures raise a genuine issue in dispute as to whether age or sex discrimination were factors in the promotion determinations.  However, Plaintiff's argument in this regard is completely undercut by the irrefutable point that the "accretion of duties" procedure was used by the Agency on three occasions prior to the promotions at issue in this case.  R. 20, Deposition of Gerald Stubbs, 39:11 to 39:21 (Aug. 30, 2007).  EPA employees Yvette Hellier, Mary McDonald, and Brenda Mosley all received promotions as the result of a process similar to the one pertinent here.  Id.  Thus, Plaintiff's argument that this standard procedure used well before the promotions at issue in this suit suggests an unlawful animus towards her is without merit.

Plaintiff also avers that the "responsible EPA managers. . .falsely claimed that they could not allow competition for the promotions."  See Pl.'s Op. at 2.  This argument should be similarly rejected for purposes of raising a genuine issue in dispute.  Again, the "accretion of duties" promotion was consistently and historically considered the means by which the EPA managers could promote employees to the GS-14 level.  Indeed, Carl Eichenwald and Gerald Stubbs, respectively Chiefs of the Eastern and Western Branches, Toxics and Pesticides Enforcement Division ("TPED"), and the first-level supervisors involved in the promotion determinations, stated that it was their

2

understanding that the TPED did not have authorization to hire new personnel, and that announcing a job publicly within TPED or soliciting interest from a larger group outside TPED was not permitted without a full-time equivalent slot.  Def.'s Ex. 11, Declaration of Carl Eichenwald ¶ 17 (Jan. 10, 2006)(R. 11); Def.'s Ex. 19, Declaration of Gerald Stubbs, ¶ 18 (Jan. 3, 2006)(R. 19).  Ann Pontius was Director of TPED and shared her Branch Chiefs' views on the permitted promotion procedure.  Pl.'s Ex. 19, Declaration of Ann Pontius, ¶ 17 (Dec. 29, 2005).  Walker Smith, Director of the Office of Regulatory Enforcement, Office of Enforcement and Compliance, and one of the selecting officials, provided testimony that a vacancy announcement was not used (and would never be used) to promote employees because, in fact, there was no vacancy available.  Def.'s Ex. 7, Declaration of Walker Smith, p. 4 (Dec. 7, 2004)(R.11).  She distinguished a "promotion" for which a vacancy announcement would not be used with a "hiring" for which such an announcement would be used. Id.

Thus, at best, the record demonstrates that the Agency's use of "accretion of duties" promotion procedures was business as usual, but it does not evidence a discriminatory motive particularly given that the managers were proceeding as they always had and believed appropriate.  See Fischbach v. District of Columbia, 86 F.3d 1180, 1183 (D.C. Cir. 1996), quoting Milton

3

v. Weinberger, 696 F.2d 94, 199 (D.C. Cir. 1982)("Even if a court suspects that a job applicant 'was victimized by [ ] poor selection procedures' it may not 'second-guess an employer's personnel decision *absent demonstrably discriminatory motive.'*")(emphasis added).

With respect to Plaintiff's statement that she "was denied an opportunity to compete against [Messrs. Ellis and Dyer]," Pl.'s Op. at 2, Defendant submits that Plaintiff's assertion is inaccurate.  Simply put, in a typical competitive selection, as envisioned by Plaintiff, the universe of eligible candidates would have been identical to the universe at issue in the instant litigation.  Further, Ms. Pontius and Messrs. Stubbs and Eichenwald, the individuals best situated to determine who among the eligibles was the most qualified, would have been involved in the selection determination as was the case here.  Thus, under either the procedure employed by Defendant or desired by Plaintiff, the result would have been the same.  Indeed, Ms. Pontius noted that she considered all eligible employees for promotion, so the promotions were not really "non-competitive," they simply were not done using a vacancy announcement.  Def.'s Ex. 6, Declaration of Ann Pontius, p. 2 (Dec. 2, 2004)(R. 11).

Defendant further submits that it was not want of an opportunity to compete that compromised Plaintiff's promotion prospects, but rather it was her want of competitive or equal

4

qualifications, in the opinion of all managers involved in the promotion determinations, to the two candidates selected for promotion. Mr. Ellis had a longer tenure in the TPED than Plaintiff and had been doing exceptional work for which he was rewarded with a promotion.  Def.'s Ex. 18, Deposition of Gerald Stubbs, 57:19 to 57:22 (Aug. 30, 2007)(R. 19); Def's Ex. 19, Stubbs Decl. ¶ 12.  Furthermore, Gerald Stubbs, who supervised Mr. Ellis throughout his entire career in the Office of Civil Enforcement ("OCE") up until the time of the challenged promotion and who supervised Plaintiff for an overlapping period of approximately thirteen years, has offered sworn testimony attesting to Mr. Ellis's skills and those of Plaintiff. Mr. Stubbs unequivocally viewed Mr. Ellis as more deserving of promotion because of Mr. Ellis's contribution to the office. Def.'s Ex. 19, Stubbs Decl. ¶¶ 12, 14-15.

The evidence with respect to Mr. Dyer is that, at the time of his GS-14 promotion, he, just as Plaintiff, had been serving at the GS-13 level in OCE for a considerable number of years (approximately ten) and had been supervised during approximately a half dozen years by Mr. Stubbs, who, again, simultaneously supervised Plaintiff.  Id.  And, just as he did concerning Mr. Ellis' relative merits vis-a-vis Plaintiff, Mr. Stubbs has provided sworn testimony that he regarded Mr. Dyer as the clearly better qualified promotion candidate. Id.  The assessment of

Mr. Eichenwald, Mr. Dyer's and Plaintiff's immediate supervisor for the three years just prior to the selection process herein at issue, is consistent with that of Mr. Stubbs. Def.'s Ex. 11, Declaration of Carl Eichenwald, ¶¶ 6 and 10 (Jan. 10, 2006)(R. 11). And, Ms. Pontius's view parallels the consistent assessment voiced by her Branch Chiefs. Def.'s Ex. 6, Sworn Statement of Ann Pontus, at 4 (Dec. 2, 2004)(R. 11).

In summary, none of the supervisors provided testimony that Plaintiff had superior skills to Messrs. Dyer and Ellis, and Plaintiff's own opinion of her qualifications should be insufficient to defeat summary judgment being granted in Defendant's favor. Waterhouse v. District of Columbia, 124 F.Supp.2d 1, 7 (D.D.C. 2000)(For purposes of showing pretext, a "plaintiff's perception of [her]self, and of [her] work performance, is not relevant.") Vasilevsky v. Reno, 31 F.Supp.2d 143, 150 (D.D.C. 1998)("Plaintiff's argument with respect to the comparison of her qualifications with those of the selected candidates truly misses the point. It is the plaintiff's duty to put forth evidence of discrimination not to 'quibble about the candidates' relative qualifications.'") (citation omitted); Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183-1184 (D.C. Cir. 1996).

Further, as noted in Defendant's Reply in support of his Motion for Summary Judgment, even the two colleagues with whom

6

Plaintiff worked and who viewed her work favorably did not go so far as to say that Plaintiff was "the national expert" on the three statutes for which the TPED had responsibility.  Pl.'s Op. to Def.'s Mot. Summ. J., Ex. 6, Declaration of James Handley, Feb. 10, 2006 and Ex. 7, Declaration of Kathy Clark, Feb. 16, 2006.  More importantly, these two colleagues provided no evidence regarding Plaintiff's qualifications vis-a-vis Messrs. Ellis and Dyer and Plaintiff produced no evidence that these colleagues were in a position to render such a judgment.

To support her argument regarding her competitiveness for promotion, Plaintiff also notes that, in 1995, Mr. Stubbs recommended her for an "accretion of duties" promotion.  Pl.'s Op. at 2 and 6.  However, Mr. Stubbs states that, in 1995, at the then Division Director Jesse Baskerville's request, he put forward for advancement every eligible-by-time-in-grade GS-13 non-attorney under his supervision, including Plaintiff, but that he regarded the exercise as futile insofar as there were no GS-14 vacancies available.[1]  Def.'s Ex. 18, Stubbs Depo. 64:15 to 66:12 (Aug. 30, 2007)(R. 19).  Mr. Stubbs' testimony puts to rest any suggestion that his mere act of putting Plaintiff's name forward

_____

[1]Notably, what Mr. Stubbs' testimony concerning the 1995 promotion exercise illustrates is that, for at least a decade prior to the challenged promotion process herein at issue, Defendant's practice was to effect GS-13 non-attorney promotions through an "accretion of duties" process, the same process, use of which Plaintiff argues shows pretext in the instant case.

for promotion in 1995 meant that he considered her qualified for an "accretion of duties" promotion to the GS-14 level in 1995 or at any subsequent time – particularly when viewing her qualifications vis-a-vis her colleagues.

Plaintiff's reliance on her service as a Team Leader is also misplaced.  Pl.'s Op. at 7.  Service as a Team Leader was not a prerequisite for promotion to the GS-14 level at the time of the challenged promotions in the instant case, insofar as such a requirement would have precluded the advancement of superior performers in other regards.

Finally, in support of her pretext argument, Plaintiff suggests that Mr. Eichenwald's alleged ageist remarks and disparate treatment would permit a reasonable jury to infer discrimination.  Putting aside for the moment the undisputed fact that Plaintiff's non-selection was a collaborative exercise[2], in which Mr. Eichenwald was but one of five participants, Plaintiff's evidence that Mr. Eichenwald exhibited sexist and ageist tendencies is virtually nonexistent.  It amounts to a few examples spread over a period of at least three years of Mr. Eichenwald making ambiguous comments that Plaintiff, despite her alleged unease, never bothered to confront him about. Defendant submits that validating Plaintiff's pretext argument on

---

[2]On this point, although Plaintiff focuses on a concern purportedly expressed by Mr. Eichenwald on a single project, Pl.'s Op. at 7, the record reflects that the supervisors considered each candidate's full body of work and contributions to the office over a substantial period of time, and based on this review, selected Messrs. Dyer and Ellis for promotion.

such flimsy evidence would be inconsistent with the standard for summary disposition.  See, e.g. Seweall v. Chao, 532 F.Supp.l2d 126, 138, n.8 (D.D.C. 2008), citing Simms v. U.S. Gov't Printing Office, 87 F.Supp.2d 7, 9 n.2 (D.D.C. 2000)(stray remarks by a supervisor must be connected to an employment decision to create a triable issue of discrimination).

Plaintiff, for example, states that Mr. Eichenwald's alleged statement that she "checked in" too much reflects a discriminatory animus.  Pl.'s Op. at 9.  Plaintiff, however, never asked Mr. Eichenwald what he meant by the remark, Def.'s Ex. 1, Deposition of Rebecca Woods, 90:20 to 90:23 (Oct. 4, 2007), and her opinion that it in some way evidences discriminatory animus is too speculative for purposes of supporting a discrimination claim.  See Campbell-El v. District of Columbia, 874 F.Supp. 403, 407 (D.D.C. 1994)("Beliefs are not fact", and a plaintiff, to defeat a defendant's motion for summary judgment, must assert facts.).  Plaintiff's proffer of a female colleague's perception or opinion that Mr. Eichenwald frequently interrupted her but not male employees, Pl.'s Op. at 10, is similarly too attenuated or insufficient for evidentiary purposes to create a genuine issue in dispute that the specific promotion determinations at issue in this case were made, even in part, for unlawful discriminatory reasons.  Plaintiff's allegation that she was excluded from meetings similarly fails. Def.'s Ex. 1, Woods Depo. 89:2 to 89:4; Pl.'s Op. at 9. Plaintiff does not recall any time when she actually confronted

Mr. Eichenwald about being excluded from meetings, and thus, cannot state the reasons for the meetings at issue and the bases for her alleged exclusion. Id. 90:20 to 90:23. Thus, Plaintiff's opinion that her alleged exclusion from meetings suggests a discriminatory bias on Mr. Eichenwald's part is based solely on surmise and speculation. Plaintiff also took offense to an e-mail that Mr. Eichenwald sent on May 6, 2003, the subject being "Bring Out the Dead" with text stating "my branch collapses about me - Tom, Dean and Brian are all out today." Def.'s Ex. 15, E-Mail from Carl Eichenwald, May 6, 2003 (R. 11); see also Pl.'s Op. at 10. Plaintiff does not recall speaking with Mr. Eichenwald about the e-mail; nor does she recall the primary issues Mr. Eichenwald was dealing with at the time. Ex. 1, Woods Depo. 91:12 to 91:25; 92:4 to 92:9. It was apparently conveyed to Plaintiff that the e-mail was a joke, "like a Monty Python or something." Id. 93:2 to 93:4. Notwithstanding this point, Plaintiff's accusation that the e-mail suggests a discriminatory animus is based purely on belief or perception, again, insufficient to defeat a motion for summary judgment. See, e.g. Maramark v. Spellings, No. Civ. A. 01-2206(CKK), 2006 WL 276979, *22 (D.D.C. Feb. 3, 2006), citing, Fletcher v. Atex, Inc., 63 F.3d 1451, 1456 (2d Cir. 1995)("[A] party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.'")(citations omitted).

10

In conclusion, Defendant submits that Plaintiff's evidence of pretext is lacking and that Plaintiff has not and cannot produce material disputed facts from which a reasonable jury could conclude that Defendant's articulated non-discriminatory reasons for her non-promotion were a pretext for unlawful discrimination.  For this reason, Defendant is entitled to judgment on its dispositive motion as a matter of law.[3]

Date: June 23, 2008

---

[3]Additionally, Plaintiff failed to rebut Defendant's argument that the delay in approval of her Flexiplace application is not an adverse action or address the non-discriminatory reason for such delay.  <u>See</u> Defendant's Motion for Summary Judgment, pp. 26-30; Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, pp. 15-16.

Respectfully Submitted,


/s/ Jeffrey A. Taylor /bmr
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
  District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on <u>Monday, June 23, 2008</u>, service of

***Defendant's Reply to Plaintiff's Opposition to Defendant's Motion***

***for Reconsideration*** was made by the Court's Electronic Case

Filing System to:

David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1090
Washington, D.C.  20005

dhshapiro@swickandshapiro.com


/s/ Beverly M. Russell
_____
Beverly M. Russell
Assistant U.S. Attorney